IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNATHAN C. WALKER                 PLAINTIFF

VS.              CIVIL ACTION NO. 4:10-cv-00138-DPJ-FKB

DALE CASKEY, BART GRIMES,
SANDRA ATWOOD AND NURSE
UNKNOWN DUNN                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This Section 1983[1] case comes before the Court on Defendants' Motion for Summary Judgment (Docket No. 25) and Plaintiff's Motion for Preliminary Injunction (Docket No. 29). For the reasons described below, the undersigned grants Defendants' Motion for Summary Judgment and denies Plaintiff's Motion for Preliminary Injunction.

Plaintiff Walker filed his complaint on August 11, 2010, via the mailbox rule.[2] On the same day, he also filed an application to proceed *in forma pauperis* in this case, which was granted. (Docket No. 5). The Court held an omnibus hearing[3] on November 30, 2011, and conferred with Plaintiff, who is proceeding *pro se,* as well as counsel for Defendants. At the hearing, the parties consented to have the undersigned conduct all further proceedings in this case and order the entry of final judgment. The District Judge subsequently entered an order

---

[1] 42 U.S.C. § 1983.

[2] A *pro se* prisoner's complaint is considered filed when delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270–71 (1988); Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006).

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Docket No. 20.

I. THE CLAIMS

Walker alleged in his complaint that Defendants Atwood and Dunn refused his repeated requests for medical attention while he was incarcerated at East Mississippi Correctional Facility ("EMCF"). Walker asserted that he has "neurofribromatosis," which he described as a form of cancer that attacks the nerves, causes tumors and causes weight loss unless a proper diet is maintained. Walker alleged in his complaint that he lost 145 pounds in one year of incarceration and claimed that he did not receive proper medical treatment.

Additionally, Walker claimed that he was denied his medical records. With respect to Defendant Caskey and Defendant Grimes, Walker asserted that he sent them requests to transfer him and requests for his medical records to which they failed to respond.

As relief, Plaintiff seeks $375,000.00 and a transfer to another facility. Plaintiff had been transferred to another facility prior to the omnibus hearing. However, the docket reflects that he was returned to EMCF in May, 2012.

At his omnibus hearing, Plaintiff was given an opportunity to clarify his claims and develop the facts leading to this lawsuit. The essence of his Section 1983 claim is that the defendants refused to provide him with a proper diet for his medical condition. Plaintiff testified that all four defendants in this case refused his request for a vegetarian diet, which he contends was ordered by a physician before his incarceration. Walker's complaint also alleged that he needed a medical mat. He testified at the omnibus hearing that he meant that he needed two mattresses for his back, but the defendants only wanted to give him one.

Walker testified that because he did not have a vegetarian diet, his weight decreased

2

from 260 pounds to 175 pounds while incarcerated at EMCF. However, Plaintiff also testified that he had been in a different facility, one which provided vegetarian meals, for over a year at the time of the hearing, yet still weighed 175 pounds.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." St. Amant v. Benoit, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" Howard v. City of Greenwood, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc., 695 F.2d 839, 845 (5th Cir.1983)).

## III. MEDICAL TREATMENT

To prevail on his Section 1983 claim regarding medical care, Plaintiff:

> must establish deliberate indifference to his serious medical condition, "an extremely high standard to meet." .... Also, disagreement with a course of medical treatment will not suffice. To survive dismissal, [Walker] must come forward

> with a triable issue of fact that officials "refused to treat him,
> ignored his complaints, intentionally treated him incorrectly,
> or engaged in any similar conduct that would clearly evince a
> wanton disregard for any serious medical needs."

Chapman v. Pace, 353 Fed. Appx. 955, 957 (5th Cir. 2009)(internal citations omitted).

Defendants have submitted proof that while Walker was housed at EMCF from July 2009 until October 2010, he submitted more than ten inmate sick call requests for issues pertaining to various medical and dental problems. Each time, the medical staff, at a minimum, reviewed those requests. Docket No. 31-10, pp. 37-38, 42, 46, 48, 50, 54-58. Plaintiff was evaluated and/or treated by the medical staff more than a dozen times for various issues during his first stay at EMCF. Id. at 61-78. Plaintiff's dissatisfaction and disagreement with Defendants' treatment of him does not establish a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

## IV. QUALIFIED IMMUNITY

Alternatively, all Defendants are entitled to qualified immunity with respect to Plaintiff's claim for denial of medical care. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The facts alleged by Plaintiff are simply insufficient, even if true, to overcome the qualified immunity defense. All Defendants were acting in an objectively reasonable manner in carrying out discretionary functions. Plaintiff alleges no conduct which a reasonable person would have known violated any constitutional rights. Davis v. Scherer, 468 U.S. 183, 194 (1984).

## V. EXHAUSTION

Additionally, Defendants contend by their motion that, though Plaintiff submitted two

grievances regarding his medical care and/or diet, he did not exhaust administrative remedies even with respect to his complaints about medical care/diet, since he did not complete all steps of the process. Docket No. 25-2. Plaintiff asserted in his complaint that he filed a grievance regarding his medical care, but did not indicate that he ever filed a grievance with respect to either his request for medical records or his request for a transfer. Docket No. 1.

Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e. The relevant portion of 42 U.S.C. § 1997e states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In Booth v. Churner, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 532 U.S. at 741. The United States Supreme Court has reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. See Porter v. Nussle, 534 U.S. 516 (2002); see also Dillon v. Rogers, 596 F.3d 260 (5th Cir. 2010). Plaintiff has not demonstrated that he fully exhausted with respect to his medical claim and has not demonstrated that he even began the process with respect to any other claim alleged in this lawsuit.

VI. PRELIMINARY INJUNCTION

Plaintiff's motion for preliminary injunction does not pertain to his claims in this

lawsuit and should not have been filed under this cause number.  Moreover, injunctive relief is not appropriate unless a plaintiff satisfies the stringent test set out in <u>Mississippi Power & Light Co. v. United Gas Pipe Co.</u>, 760 F.2d 618 (5th Cir. 1985)(citing <u>Canal Authority of State of Florida v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974)).  A plaintiff must establish (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to the plaintiff outweighs the threat and harm the injunction may do to the defendants; and (4) that granting the injunction will not disserve the public interest.  <u>Mississippi Power & Light Co.</u>, 760 F. 2d at 621.  Each requirement must be met before the court may grant the drastic remedy of injunctive relief.  <u>Id.</u>

Plaintiff alleges in his motion for preliminary injunction that he is unsafe and that his life was threatened when he was moved back to EMCF.  However, he also alleges that the prisoner who allegedly threatened him was moved.  Plaintiff's motion meets none of the criteria for injunctive relief, nor does it raise any issue as to which the undersigned considers a hearing necessary.

*VII.     CONCLUSION*

Based on the foregoing, Defendants' Motion for Summary Judgment is granted; Plaintiff's Motion for Preliminary Injunction is denied; and this case is dismissed with prejudice.  A separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 3rd day of July, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE